IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. 24-3052-01-CR-S-RK |
|---|---|
| Plaintiff, | **COUNTS 1 & 2:** *Wire Fraud* 18 U.S.C. §§ 1343 NMT 20 Years Imprisonment NMT 3 Years Supervised Release NMT $250,000 Fine Class C Felony |
| v. | |
| **RENEE DELANN CLOUSE,** [DOB: 02/21/1969] | |
| Defendant. | **FORFEITURE ALLEGATIONS:** 18 U.S.C. §§ 981(a)(1), 28 U.S.C. § 2461, and 21 U.S.C. § 853 $100 Mandatory Special Assessment for Each Count |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Defendant RENEE DELANN CLOUSE ("CLOUSE"), lived at a residence located in Seymour, Webster County, Missouri, within the Western District of Missouri as she committed the below acts.

2. American Public University System ("APUS") and Colorado Technical University ("CTU") are two credited educational institutions that provides degrees and certificates to individuals attempting to obtain advanced education degrees.

3. APUS is located in Charlestown, West Virginia, and CTU is located in Colorado Springs, Colorado.

4. Between January of 2019 through October of 2022, said dates being approximate, CLOUSE represented to others that she could assist them with the application process to obtain student loans through the United States Department of Education. These educational loan documents were submitted through either APUS or CTU seeking loans from the Department of Education in Washington D.C.

5. CLOUSE also represented to others that she could assist them filing their year tax returns with Internal Revenue Service.

6. CLOUSE would then receive the personal identifying information from individuals who had sent her their personal identity and financial information in order to submit income tax returns and/or apply for educational loans.

7. In this case, an individual's personal identifying information consisted of the applicant's name, residence address, social security number, date of birth, employment history, currently salaries, among other relevant information to apply for an education loan or file their tax returns.

8. In each instance of receiving information from an individual, whether it was to apply for education loans or file tax returns, any and all monies received should have been paid to the applicant.

9. In each of the tax returns or college loans submitted, the documents directed deposits of any monies received to various Arvest bank accounts that belonged to and were under the control of CLOUSE that were located in Webster County, Missouri, in the Western District of Missouri, and not the personal bank account of the individual under which the documents had been submitted.

10. Once the loan documents and tax returns had been approved for funding by either the Department of Education or the Internal Revenue Service located in Washington D.C., the monies were transferred and deposited electronically using wire transmissions into CLOUSE'S bank account in the Western District of Missouri.

## The Scheme

11. Beginning as early as January of 2019, and continuing to at least October of 2022, said dates being approximate, Defendant CLOUSE applied for education loans with the Department of Education, as well as submitted documents to file tax returns with the Internal Revenue Service.

12. Defendant CLOUSE would take the personal identifying information of others and submit education loan applications to the Department of Education through either APUS or CTU, also using wire transmissions via the Internet, to send these documents from Seymour, Webster County, Missouri, to either Charlestown, West Virginia, or Colorado Springs, Colorado.

13. The listed loan applicant did not approve of CLOUSE receiving the proceeds from either their education loans or their tax returns for her own personal benefit.

14. In total, CLOUSE fraudulently received monies from eighteen different education loans submitted in the name of others that totaled $285,435.05.

15. In total, CLOUSE fraudulently received tax return proceeds in the name of ten different individuals that totaled $53,174.98.

## COUNT 1
### (Wire Fraud)

16. Paragraphs 1 through 15 of this Information are re-alleged and incorporated by reference as if fully set forth herein.

3

17. Starting January 11, 2019, and continuing through August 18, 2021, said dates being approximate, in Webster County, in the Western District of Missouri, and elsewhere, the defendant, RENEE DELANN CLOUSE, having devised and intending to devise the aforementioned scheme and artifice to defraud the United States Department of Education and loan applicant, J.P., for the purpose of obtaining money and property by means of false and fraudulent pretenses, representations, and promises, knowingly transmitted and caused to be transmitted, in interstate commerce, wire and radio sounds, and signals, that is, the proceeds from fraudulently submitted education loans applications through electronic wire transmissions that resulted in the payment of $51,979.53 into the Arvest Bank account XXXX3537, controlled by CLOUSE, sent via facsimile over telephone wires originating from CLOUSE, in the name of J.P., in Webster County, Missouri, located in the Western District of Missouri, to United States Department of Education, located in Washington, D.C. All in violation of Title 18, United States Code, Section 1343.

## COUNT 2
### (Wire Fraud)

18. Paragraphs 1 through 15 of this Information are re-alleged and incorporated by reference if fully set forth herein.

19. On or about June 15, 2022, said date being approximate, in Webster County, in the Western District of Missouri, and elsewhere, the defendant, RENEE DELANN CLOUSE, having devised and intending to devise the aforementioned scheme and artifice to defraud the Internal Revenue Service and J.B. for the purpose of obtaining money and property by means of false and fraudulent pretenses, representations, and promises, knowingly transmitted and caused to be transmitted, in interstate commerce, wire and radio sounds, and signals, that is, the proceeds from

fraudulently submitted income tax return submitted in the name of J.B., through electronic wire transmissions that resulted in the payment of $12,630.00 into the Arvest Bank account XXXX4872, controlled by CLOUSE, sent via facsimile over telephone wires originating from RENEE DELANN CLOUSE, in Webster County, Missouri, located in the Western District of Missouri, to Internal Revenue Service, located in Washington, D.C. All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

20. The allegations of Counts 1 and 2 of this Information are re-alleged and fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property, real and personal, in which the defendant has an interest, pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, and the procedures outlined in Title 21, United States Code, Section 853.

21. Upon conviction of any violation of Title 18, United States Code, Sections 1343, the defendant shall forfeit to the United States any property, real or personal, constituting, or derived from, or traceable to proceeds the person obtained directly or indirectly pursuant to Title 18, United States Code, Sections 981(a)(1) and (a)(2).

22. Upon conviction of Counts 1 and 2 of this Information, the United States intends to pursue forfeiture of all property, real and personal, of Defendant RENEE DELANN CLOUSE, obtained, directly or indirectly, as a result, of the violation of law set out in Counts 1 and 2 of this Information and which constitutes, is derived from, and is traceable to the proceeds obtained directly or indirectly from the criminal conduct alleged in the charges.

23. Specifically, subject to forfeiture is a monetary judgment that constitutes the sum of the aggregate proceeds of the fraudulent scheme in United States currency that Defendant

CLOUSE received from the commission of the offenses alleged in Counts 1 and 2 of the Information in the amount of $338,610.03.

## SUBSTITUTE ASSETS

24. If the property described above as being subject to forfeiture as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the above-forfeitable property or to seek return of the property to the jurisdiction of the Court so that the property may be seized and forfeited.

Respectfully submitted,

TERESA A. MOORE
United States Attorney

/s/ Patrick C.
PATRICK A. N. CARNEY
Assistant United States Attorney

DATED: 4/23/2024
Springfield, Missouri